IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEANETTE CHAVEZ,

    Plaintiff,

    vs.                                       **No. CIV 99-1233 LCS**

**REGENTS OF THE UNIVERSITY**
**OF NEW MEXICO, et al.,**

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Plaintiff's Motion for Remand *(Doc. 15)*, filed November 18, 1999, and Defendants' Motion for Oral Argument on Motion for Remand *(Doc. 26)*, filed December 28, 1999. The Court has reviewed the motion, the memoranda submitted by the parties, the pleadings, and the relevant authorities. The Court finds that Plaintiff's motion is not well taken and will be denied. The Court further finds that oral argument would not materially assist the Court in deciding this motion. Accordingly, Defendants' Motion for Oral Argument is not well taken and will be denied.

**I. Factual Background**

The facts relevant to deciding Plaintiff's Motion to Remand are not in dispute. Plaintiff filed her Complaint for Breach of Contract and Violations of Civil Rights (Ex. A to Verified Petition for Removal, *(Doc. 1)*) on September 8, 1999 in the Second Judicial District Court for the County of Bernalillo, State of New Mexico. Plaintiff's Complaint names four defendants: the Regents of the University of New Mexico as an entity and three individuals, namely Ann Thomas, Jean Bannon and Carolyn Creager. Plaintiff served the Attorney General for the State of New

Mexico on September 22, 1999, and served an agent for the Board of Regents on September 23, 1999.  Plaintiff served Ann Thomas personally on September 27, 1999, and posted a copy of the Summons and Complaint at a New Mexico address, 842 S/E CR NW, believed to be the usual place of abode of Carolyn Creager on September 27, 1999.  Plaintiff also served an agent of Jean Bannon on September 23, 1999.

Defendants filed their Verified Petition for Removal *(Doc. 1)* on Monday, October 25, 1999.  The Verified Petition for Removal states that all Defendants consent to removal, but is not signed by either Carolyn Creager or an attorney purporting to represent Ms. Creager.  Ms. Creager submitted an affidavit that she had moved to Minnesota in April, 1999, was not living at 842 S/E CR NW on September 27, 1999, and was not served with a copy of the Summons and Complaint by mail or in person before the action was removed to federal court.  She further states in her affidavit that she consented to the removal, but that her counsel did not enter an appearance for her in this action until after she was served and, hence, after the action was removed.

## II.  Analysis

Plaintiff's Motion for Remand raises three grounds for remanding the case to New Mexico state court.  First, Plaintiff argues that the removal was not timely because the notice of removal was filed more than thirty days after the first defendant was served.  Second, Plaintiff argues the notice of removal was defective on its face because it fails to demonstrate that Carolyn Creager consented to the removal.  Finally, Plaintiff argues that the entire case must be remanded to state court because this court does not have jurisdiction over all of Plaintiff's claims.

A. Timeliness of Removal

The timing requirements for filing a notice of removal are provided in 28 U.S.C. § 1446(b):

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

The requirement that a removal notice be timely is mandatory and is strictly construed, but it is not jurisdictional. *See McCain v. Cahoj*, 794 F. Supp. 1061, 1062 (D. Kan. 1992); *First Nat'l Bank & Trust Co. v. Nicholas*, 768 F. Supp. 788, 790 (D. Kan. 1991). In the case where two or more defendants are named, the judges of this district follow the general rule that the 30-day time period commences when service of process is accomplished on the first-served defendant. *See Sugg v. Albuquerque Pub. Sch. Dist.*, No. Civ. 95-1184 LH/DJS, Mem. Op. & Order (D.N.M. Jan. 26, 1996); *Ramsey v. CSG Security Servs., Inc.*, No. Civ. 95-888 LH/LCS, Mem. Op. & Order (D.N.M. Nov. 8, 1995); *ITT Comm'l. Credit Corp. v. Hotel Dev. Corp.*, No. Civ. 91-634 M, Mem. Op. (D.N.M. Sept. 23, 1991). The well-established rule of unanimity, requiring that all defendants must join in a removal petition, serves as a principled basis for this holding. If the earlier-served defendants do not seek removal in a timely manner, their failure to seek removal ordinarily prevents them from joining the petition of a later-served defendant. *See id.; see also, Martin Pet Prods., Inc. v. Lawrence*, 814 F. Supp. 56 (D. Kan. 1993).

The Attorney General for State of New Mexico was served on September 22, 1999. Therefore, the time for removal would have expired on October 22, 1999 if service on the

3

Attorney General were sufficient to constitute service on the Board of Regents. I find that under New Mexico state law, service on the Attorney General was insufficient to bring the Board of Regents into this lawsuit. To obtain proper service of process upon a state agency or institution, N.M. Stat. Ann. § 38-1-17(C) requires that "service of process shall be made on the head of the branch, agency, bureau, department, commission or institution and on the attorney general." Therefore, the Board of Regents was not properly brought into this lawsuit until service was made on both the attorney general and the Board of Regents.

I find that the timeliness of removal is controlled by the Supreme Court's recent decision in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, __, 119 S. Ct. 1322 (1999). Justice Ginsburg's opinion in that case held that the "time clock" for removal under 28 U.S.C. § 1446(b) does not begin to run until a court exercises personal jurisdiction over a defendant. *See id.* 526 U.S. at __, 119 S. Ct. at 1327. Under New Mexico law, personal jurisdiction over the Board of Regents was not acquired until service was made upon an agent of the Board of Regents on September 23, 1999. Service on the Attorney General alone, on September 22, 1999, was not sufficient to confer personal jurisdiction over the Board of Regents. Thirty days from September 23, 1999 was October 23, 1999, a Saturday. Therefore, the thirty day period ran until the following Monday, October 25, 1999, which was the day that the Notice of Removal was filed. *See* Fed. R. Civ. P. 6(a). The removal was timely.

### B. Consent of Carolyn Creager

Plaintiff does not present evidence that Carolyn Creager was served properly prior to the filing of the Notice of Removal. Because she was not served at the time, she was not a party to the suit at the time the Notice of Removal was filed. It is not necessary for defendants who have

4

not been served to consent to removal. *See Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985). However, the Notice of Removal does state that all defendants consented to removal, and Ms. Creager apparently did consent to the removal at the time the action was removed even though an attorney had not yet entered an appearance on her behalf. Therefore, the Notice of Removal was not defective for lack of consent by Ms. Creager.

C.  Inability of All Claims to be Heard in the Federal Forum

This issue places Plaintiff in the curious position of arguing that the federal courts do not have jurisdiction over some of her claims, while Defendants argue that indeed there is federal jurisdiction. Plaintiff claims that the Eleventh Amendment bars federal jurisdiction over the state law claims against the Board of Regents, while Defendants claim that they may waive their Eleventh Amendment immunity. I find that the Eleventh Amendment issue need not be decided at this time, however. For the purposes of the Motion for Remand, *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 118 S. Ct. 2047 (1998) is controlling. *Schacht* clearly holds that a federal court retains removal jurisdiction over remaining claims in an otherwise removable case even though one or more of the original claims are subject to an Eleventh Amendment defense. *See id.* 524 U.S. at __, 118 S. Ct. at 2054. Both parties admit that this court has jurisdiction over some of the claims in Plaintiff's Complaint. Thus, I need not reach the issue of whether Defendant waived an Eleventh Amendment defense by consenting to federal court jurisdiction. *Cf.* Justice Kennedy's concurring opinion in *Schacht*, 524 U.S. at __, 118 S. Ct. at 2054-57 (stating that it is an unsettled question among the circuit courts whether a state waives its Eleventh Amendment immunity by consenting to removal to federal court).

WHEREFORE, IT IS ORDERED that Plaintiff's Motion for Remand *(Doc. 15)*, filed

November 18, 1999, is **denied**.

IT IS FURTHER ORDERED that Defendants' Motion for Oral Argument on Motion for Remand *(Doc. 26)*, filed December 28, 1999, is **denied**.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE